IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | | |
|---|---|---|
| *In re PNCI Cash Sweep Programs Litigation.* | ) ) ) ) ) ) ) ) ) | 2:24-CV-01295-MJH |

OPINION AND ORDER

On September 11, 2026, this Court issued an Opinion and Order (ECF Nos. 119 an 120) rejecting in part and adopting in part Magistrate Judge Taylor's Report and Recommendation (ECF No. 106). In said Opinion and Order, the Court rejected Judge Taylor's denial of PNCI's Motion to Dismiss Count I, breach of fiduciary duty claim, and entered an order granting PNCI'S Motion to Dismiss Count I and deeming any amendment to said count as futile. Plaintiffs have moved for reconsideration. (ECF No. 122). The matter is now ripe for decision.

Upon review of Plaintiffs' Motion for Reconsideration, or in the alternative, leave to amend (ECF No. 122), the respective briefs (ECF Nos. 123 and 128), and for the following reasons, Plaintiffs' Motion will be denied.

**I. Relevant Standard**

A motion for reconsideration is not to be used to relitigate or rehash issues the Court already decided, or to ask the Court to rethink a decision it, rightly or wrongly, already made. *Nyamekye v. Mitsubishi Elec. Power Prods., Inc.*, Civ. No. 17-852, 2018 WL 3933504 at *3 (W.D. Pa. Aug. 16, 2018). Rather, the purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex*

*rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)).

Typically, a judgment may be altered or amended pursuant to Federal Rules of Civil Procedure 59(e) or 60(b) if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court made its decision; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *See North River Ins. Co. v. CIGNA Reins. Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995); *Tennant v. Range Resources – Appalachia, LLC*, Civ. No. 18-1533, 2021 WL 5040421, at *3 (W.D. Pa. Oct. 29, 2021) (Hardy, J.). To succeed on such a motion, "the movant must demonstrate a definite and firm conviction that a mistake has been committed, or that the court overlooked arguments that were previously made." *Nyamekye*, 2018 WL 3933504 at *3 (internal quotation marks and citation omitted).

Where, as here, Plaintiffs seek reconsideration of an interlocutory order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, so the pending motion must be considered pursuant to Federal Rule of Civil Procedure 54(b).2 "While the standards articulated in Rule[ ]...60(b) are not binding in the analysis of Rule 54(b) motions, courts frequently look to these standards for guidance in considering such motions." *Nyamekye*, 2018 WL 3933504 at *3 (internal quotation marks and citation omitted). Importantly, although a district court has more discretion in reconsidering interlocutory orders than in revising final judgments, the Third Circuit Court of Appeals instructs that it "must, of course, exercise this authority in a responsible way, both procedurally and substantively, and that effective trial court management requires a presumption against reconsideration of interlocutory decisions." *Id.* (internal quotation marks and citation omitted). While "'[a] court has the power to revisit prior

decisions of its own...in any circumstance...as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would make a manifest injustice.' " *Id*. (quoting *In re Pharmacy Benefit Managers Antitrust Litig.*, 582 F.3d 432, 439 (3d Cir. 2009)). Accordingly, "courts should exercise this inherent power with a light hand." *Id*. (internal quotations marks and citation omitted). In doing so, this Court evaluates whether good cause exists for revising its prior decision. *Cypher v. J.V. Mfg. Co., Inc.*, Civ. No. 23-1428, 2025 WL 776156 at *2 (W.D. Pa. Mar. 11, 2025); see also *Qazizadeh v. Pinnacle Health Sys.*, 214 F. Supp. 3d 292, 295 (M.D. Pa. 2016).

## II. Discussion

### A. Motion for Reconsideration

In its September 11, 2026 Opinion and Order, the Court determined that the Report and Recommendation erred by not dismissing Plaintiffs' breach of fiduciary duty (Count I) based upon the gist of the action doctrine. In its analysis of Count I, the Court held:

> Plaintiffs' breach of fiduciary claim relies on the existing contractual relationship between Plaintiffs and PNCI. In the Investment Advisory Services Agreement, PNCI states that it "will manage [Advisory Plaintiffs'] Account[s] by investing in Funds we select in accordance with the selected Strategy. . . ." (ECF No. 74-2 at 2). In addition, Plaintiffs' Amended Complaint avers that "Defendants also breached their contractual promise that interest rates 'will vary based upon prevailing economic and business conditions.'" (ECF No. 74 at ¶ 69). Both of Plaintiffs' theories of liability, breach of contract and breach of fiduciary duty, arise solely from the Investment Advisory Services Agreement, and any alleged duties are grounded in the alleged contractual promises with regard to interest rates. Therefore, the tort claim of breach of fiduciary duty duplicates Plaintiffs' breach of contract claim. Plaintiffs have not otherwise pleaded a separate common-law duty outside their contractual relationship that would set forth a distinct tort for breach of fiduciary duty.

(ECF No. 119 at pp. 6-7).

Plaintiffs argue that, while the Court addressed the Investment Advisory Services Agreement as a source of PNCI's fiduciary duty, the Court overlooked two sources of duty that

exist beyond the parties' agreements. In particular, Plaintiffs maintain that the following allegations in their Complaint support said sources:

> Defendants owed fiduciary duties, including the duty of care and duty of loyalty, to Plaintiffs and Class members of the Advisory Account Class. Defendants' fiduciary duties arose out of Defendants' role as investment advisors and brokers and pursuant to Regulation BI, 84 Fed. Reg. 134; the Investment Advisers Act, 17 C.F.R. § 276; and 950 C.M.R. § 12.207(1)(a). Defendants' duties also arose from the high degree of discretion and control that Defendants had over Advisory Account Class members' money.

(ECF No. 74 at ¶ 95). In sum, Plaintiffs ask the Court to reconsider allegedly non-contractual sources of fiduciary duty through the Investment Advisors Act and/or a from PNCI's alleged "high degree of discretion and control" over Plaintiff's money.

In response, PNCI argues that the issues raised by Plaintiffs were fully briefed and considered by the Court. Thus, PNCI asserts Plaintiffs' motion improperly attempts to "relitigate matters already decided." PNCI also contends that, even if the Court did not directly address Plaintiffs' two alleged sources of duty, the Court's decision was correct as a matter of law.

Here, the Court agrees that the matters raised by Plaintiffs were fully briefed and litigated; and thus, would not warrant reconsideration. However, for the sake of clarifying the record, the Court will specifically address the two alleged duty sources that were not referenced by name in its September 11, 2026 Opinion. First, with regard to the Investment Advisors Act, private rights under the Investment Advisers Act are very limited. *See Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 502 n.37 (2013) ("There exists only 'a limited private remedy under the [Advisers Act] to void an investment advisers contract' made in violation of the Act."). At least one district court in similar cash sweep litigation has found that a state law breach of fiduciary claim cannot be premised on duties enumerated in the Investment Advisers Act. *See, e.g., In re LPL Fin. Cash Sweep Litig.*, 789 F. Supp. 3d 961, 988 (S.D. Cal. 2025). Here,

Plaintiffs attempt, to shoehorn a limited private remedy into a common law fiduciary duty, is unavailing. And notably, the limited private remedy available, voiding the investment contract, is a contractual remedy that is potentially subsumed by Plaintiffs' breach of contract claim. Therefore, as a matter of law, the Investment Advisors Act cannot serve as a non-contractual duty in support of Plaintiffs state law breach of fiduciary claim.

Second, with regard to a duty arising "from the high degree of discretion and control,"this argument is identical to the analysis already described in this Court's September 11, 2026 Opinion, which addressed the Investment Advisory Services Agreement. PNCI's alleged duties, based upon a "high degree of discretion" and its alleged "control," do not arise outside PNCI's contractual relationship with Plaintiffs. As was discussed in this Court's September 11, 2026 Opinion, the scope of the alleged duties and breaches directly stem from the Investment Advisory Services Agreement. Because a contract forms these duties, the gist of the action applies to all of the alleged fiduciary duties within Plaintiffs' Complaint. In essence, both the breach of fiduciary action and breach of contract action rely on the alleged contractual promises regarding interest rates. Plaintiffs motion for reconsideration does not change this analysis. Therefore, Plaintiffs' Motion for Reconsideration is denied.

**B. Leave to Amend**

In the alternative, Plaintiffs request that the Court dismiss Count I without prejudice and permit them to amend. Plaintiffs argue that, because there are two additional sources of fiduciary duties beyond the agreements that are non-contractual, they should be permitted to amend Count I. PNCI contends that the Court correctly found that the alleged duties arise solely from the parties' contractual relationship, and Plaintiffs identify no additional facts that could establish a duty independent of the parties' contractual relationship.

Here, the Court agrees that, despite Plaintiffs' arguments vis-à-vis additional duties, that the same are still grounded in the contractual relationships of the parties. Thus, the gist of the action doctrine still applies to bar Plaintiffs' breach of fiduciary duty. Therefore, any amendment is deemed futile.

Therefore, Plaintiffs' Motion for Leave to Amend is denied.

**III. Conclusion**

Based upon the foregoing, Plaintiffs' Motion for reconsideration is denied, and Plaintiffs' Motion for Leave to Amend is denied. The case is referred back to Magistrate Judge Taylor for further proceedings.

DATED this 15th day of October, 2026.

BY THE COURT:

MARILYN J. HORAN
United States District Judge